UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | CRIMINAL No. 6:05CR31 |
| GREGORY BERNARD WATKINS | § | |

REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On September 9, 2005, the Court conducted a hearing to consider government's petition to revoke the supervised release of Gregory Bernard Watkins. The Government was represented by Richard Moore, Assistant United States Attorney for the Eastern District of Texas, and the defendant was represented by Wayne Dickey, Federal Public Defender for the Eastern District of Texas.

The defendant plead guilty to use of a communication facility to facilitate the commission of a felony in violation of 21 U.S.C. § 843, a Class D felony. On February 28, 2002, defendant was sentenced before the Honorable John Hannah, Jr. of the Eastern District of Texas to a term of 16 months imprisonment and 1 year of supervised release. The supervised release contained standard conditions prohibiting Defendant from illegally possessing a controlled substance or committing any Federal, State, or local crime during the term of supervision. In addition, on June 25, 2003, defendant was instructed to participate in a program of drug testing and counseling.

The Government brings this Petition for revocation of defendant's supervised release based on defendant's violation of four conditions of his supervised release. First, on October 27, 2003 and December 3, 2003, defendant submitted urine specimens that tested positive for marijuana. Second, defendant failed to report to the probation officer as directed on January 15 and 26, 2004. Third,

Defendant failed to appear for scheduled home visits at his residence on January 14 and 23, 2004. Fourth, Defendant failed to submit to drug testing on January 15, 20, and 26, 2004, and failed to attend treatment sessions as directed during December 2003 and January 2004.

Under 18 U.S.C. § 3583(e)(3), the Court may, in its discretion, revoke defendant's term of Supervised Release and impose a term of imprisonment if defendant violates a condition of supervised release. The term of imprisonment imposed for such a violation may be no longer than the maximum statutory sentence for the original crime, without credit for time previously served on post-release supervision. The original offense in this case was a Class D felony. Thus, if the Court finds by a preponderance of the evidence that Defendant has failed to appear for drug counseling, failed to report to the U.S. Probation Office, or failed to appear for home visits, it may impose a term of imprisonment of no more than two years.

Under 18 U.S.C. § 3583(g), the Court shall revoke a term of supervised release if Defendant possesses a controlled substance or fails to submit to drug testing required by the U.S. Probation Office as a condition of supervised release. The term of imprisonment imposed for such a violation may be no longer than the maximum statutory sentence for the original crime, without credit for time previously served on post-release supervision. The original offense in this case was a Class D felony. Thus, if the Court finds by a preponderance of the evidence that Defendant has failed to report for drug testing or possessed a controlled substance, it may impose a term of imprisonment of no more than two years. Although the Government does not specifically allege Defendant possessed a controlled substance in its Petition, Defendant tested positive for marijuana, which constitutes possession under 5th Circuit law.

Defendant plead True to violating four conditions of his supervised release as alleged in the

Government's Petition. Defendant's actions constitute Grade C violations under U.S.S.G. § 7B1.1. Therefore, pursuant to the guideline range set out in U.S.S.G. § 7B1.4, the Court may impose a term of imprisonment between 6 and 12 months.

The Court finds that the defendant's plea was made freely and voluntarily and that the defendant is competent to enter this plea. The Government recommended that the defendant be committed to the custody of the Bureau of Prisons for a term of 7 months with no supervised release to follow. The defendant had no objection to the Government's recommendation, except that he be incarcerated in FCI Seagoville.

Pursuant to the Sentencing Reform Act of 1984 it is the recommendation of the Court that the defendant, Gregory Bernard Watkins, be committed to the custody of FCI in Seagoville for a term of 7 months with no supervised release to follow.

**SIGNED** this **13** day of **September, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE